Case 1:21-cr-20328-DPG Document 3 Entered on FLSD Docket 06/04/2021 Page 1 of 15

FILED by KS D.C.

Jun 3, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **21-20328-CR-GAYLES/TORRES**

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1951(a)
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

CARLA MAGALY ALCEDO MENDOZA,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1. Bussines A.A.D. was a call center in Lima, Peru that placed cold calls to Spanish-speaking residents of the United States.

2. Defendant **CARLA MAGALY ALCEDO MENDOZA** was the owner and operator of Bussines A.A.D. **ALCEDO** partnered with affiliated companies that maintained payment and shipping operations in the United States.

**COUNT 1**
**Conspiracy to Commit Mail and Wire Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2013, through in or around December 2018, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLA MAGALY ALCEDO MENDOZA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

    (a) to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and for the purpose of executing such scheme and artifice, knowingly caused to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

    (b) to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain

writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by: (a) falsely telling Spanish-speaking consumers that they had been selected to receive financial assistance for English language courses and related materials; (b) falsely claiming that consumers had agreed to pay for the delivery of materials associated with these courses; (c) fraudulently inducing and coercing consumers to pay additional costs related to these courses by falsely threatening to initiate criminal and other legal proceedings against them; and (d) thereafter keeping the consumers' money for the defendant's and her co-conspirators' personal use and benefit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

4. **CARLA MAGALY ALCEDO MENDOZA** owned and operated Bussines A.A.D. **ALCEDO** obtained the names and contact information of Spanish-speaking consumers in the United States, including in the Southern District of Florida.

5. **CARLA MAGALY ALCEDO MENDOZA** and her co-conspirators made telephone calls to these consumers from Bussines A.A.D. and purported to offer them an opportunity to improve their English language skills. **ALCEDO** and her co-conspirators falsely and fraudulently claimed that the consumers were eligible to receive financial assistance from a university, which in collaboration with the United States government would pay the majority of the cost of an English language program.

3

6. **CARLA MAGALY ALCEDO MENDOZA** and her co-conspirators later telephoned the consumers again and falsely claimed that the consumers had been selected by such university to receive financial assistance for the English language program. In reality, neither the United States government nor any university was involved or offering any financial assistance.

7. **CARLA MAGALY ALCEDO MENDOZA** and her co-conspirators falsely impersonated lawyers working for a U.S. court and contacted the consumers falsely claiming that their English language course materials were in a FedEx storage facility and accumulating storage fees because the consumer had failed to receive the materials when sent. **ALCEDO** and her co-conspirators falsely claimed that the consumers had been sued as a result, and that they had a contractual responsibility to receive the course materials and pay for the storage fees.

8. **CARLA MAGALY ALCEDO MENDOZA** and her co-conspirators falsely and fraudulently told the consumers that they would be arrested and that their immigration status would be harmed if they failed or refused to make payments. In reality, there were no lawsuits, no fees or costs, no arrests, and no immigration consequences.

9. At times, **CARLA MAGALY ALCEDO MENDOZA** and her co-conspirators prepared and shared call scripts for herself and her co-conspirators to use when placing calls to consumers. The scripts included various false statements that were intended to induce consumers to express interest in the English language program and provide personal details about their lives, including their country of origin and immigration status. **ALCEDO** and her co-conspirators later used this information to intimidate and threaten victims to make them pay for the English language course materials, storage and shipping fees.

10. **CARLA MAGALY ALCEDO MENDOZA** caused co-conspirators in the United States to send packages to victims in the Southern District of Florida and elsewhere via commercial

interstate carriers such as FedEx. The packages contained English language courses or computer tablets, but never of the nature or value represented by **ALCEDO** and her co-conspirators. **ALCEDO** and her co-conspirators induced victims to pay for these packages with credit cards or prepaid cards. **ALCEDO** also coordinated with the same co-conspirators in the United States to process victims' payments made in response to her and other co-conspirators' fraudulent inducements and threats.

11.  **CARLA MAGALY ALCEDO MENDOZA** and her co-conspirators made, and caused others to make, materially false statements to fraudulently induce victims to pay money, including the following:

### Materially False Statements

a.  That certain victims had qualified for and been selected to receive financial assistance to cover much of the cost of English language course materials;

b.  That certain co-conspirators who contacted victims were calling on behalf of universities, Hispanic help centers, and government entities, including U.S. courts.

c.  That certain co-conspirators who contacted victims were U.S. court officers;

d.  That victims had agreed to pay for the course materials, but failed to do so;

e.  That victims had agreed to receive delivery of such materials, but failed to do so;

f.  That victims' failures to receive and pay for the shipment of such materials had resulted in costs and fees;

g.  That victims faced legal consequences and that a U.S. court would enter judgments against them; and

h.  That victims would be arrested and suffer immigration consequences.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-6
## Mail Fraud
## (18 U.S.C. § 1341)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below as to each count, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLA MAGALY ALCEDO MENDOZA,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, knowingly caused to be delivered certain mail matter by the United States Postal Service and by a private and commercial interstate carrier, according to the directions thereon.

**PURPOSE OF THE SCHEME AND ARTIFICE**

3. It was a purpose of the scheme and artifice for the defendant and her accomplices to unlawfully enrich themselves by: (a) falsely telling Spanish-speaking consumers that they had been selected to receive financial assistance for English language courses and related materials; (b) falsely claiming that consumers had agreed to pay for the delivery of materials associated with these courses; (c) fraudulently inducing and coercing consumers to pay additional costs related to

6

these courses by falsely threatening to initiate criminal and other legal proceedings against them; and (d) thereafter keeping the consumers' money for the defendant's and her accomplices' personal use and benefit.

## THE SCHEME AND ARTIFICE

4. The Manner and Means section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE MAILS

5. On or about the dates specified below, the defendant, **CARLA MAGALY ALCEDO MENDOZA,** for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by the United States Postal Service and by a private and commercial interstate carrier, according to the directions thereon, the items identified in each count below:

| COUNT | APPROX. DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 2 | December 2016 | Package sent via FedEx to victim R.M. in the Southern District of Florida |
| 3 | December 2016 | Package sent via FedEx to victim S.M. in the Southern District of Florida |
| 4 | December 2016 | Package sent via FedEx to victim S.B. in the Southern District of Florida |
| 5 | February 2017 | Package sent via FedEx to victim E.A. in the Southern District of Florida |
| 6 | June 2017 | Package sent via FedEx to victim E.C. in the Southern District of Florida |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 7-12
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below as to each count, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLA MAGALY ALCEDO MENDOZA,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendant and her accomplices to unlawfully enrich themselves by: (a) falsely telling Spanish-speaking consumers that they had been selected to receive financial assistance for English language courses and related materials; (b) falsely claiming that consumers had agreed to pay for the delivery of materials associated with these courses; (c) fraudulently inducing and coercing consumers to pay additional costs related to these courses by falsely threatening to initiate criminal and other legal proceedings against them; and (d) thereafter keeping the consumers' money for the defendant's and her accomplices' personal use and benefit.

## THE SCHEME AND ARTIFICE

4. The Manner and Means of the Conspiracy section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE WIRES

5. On or about the dates specified as to each count below, the defendant, **CARLA MAGALY ALCEDO MENDOZA,** for the purpose of executing and in furtherance of the aforesaid scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as set forth below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 7 | November 2016 | Telephone call between caller in Peru and victim M.O. in the Southern District of Florida |
| 8 | December 2016 | Telephone call between caller in Peru and victim R.M. in the Southern District of Florida |
| 9 | December 2016 | Telephone call between caller in Peru and victim S.B. in the Southern District of Florida |
| 10 | December 2016 | Telephone call between caller in Peru and victim S.M. in the Southern District of Florida |
| 11 | February 2017 | Telephone call between caller in Peru and victim E.A. in the Southern District of Florida |
| 12 | June 2017 | Telephone call between caller in Peru and victim E.C. in the Southern District of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 13-18
### Extortion
### (18 U.S.C. § 1951(a))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

9

2. On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLA MAGALY ALCEDO MENDOZA,**

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce, by means of extortion, as the terms "commerce" and "extortion" are defined in Title 18, United States Code, Section 1951(b)(2) and (b)(3), in that the defendant did obtain money and other property, and attempt to obtain money and other property, with another's consent, induced by the wrongful use of actual and threatened force, violence, and fear, as set forth below:

| COUNT | APPROX. DATE | DESCRIPTION OF PAYMENT AND THREAT |
|---|---|---|
| 13 | November 2016 | Payment sent from victim M.O. in the Southern District of Florida based, in part, on threat of arrest and deportation |
| 14 | December 2016 | Payment sent from victim S.M. in the Southern District of Florida based, in part, on threat of deportation |
| 15 | December 2016 | Payment sent from victim S.B. in the Southern District of Florida based, in part, on threat of arrest |
| 16 | February 2017 | Payment sent from victim E.A. in the Southern District of Florida based, in part, on threat of arrest and immigration consequences |
| 17 | February 2017 | Telephone call between caller in Peru and victim R.M. in the Southern District of Florida with threat of arrest unless payment was made |
| 18 | June 2017 | Payment sent from victim E.C. in the Southern District of Florida based, in part, on threat of arrest |

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **CARLA MAGALY ALCEDO MENDOZA,** has an interest.

10

2. Upon conviction of a violation of or a conspiracy to violate Title 18, United States Code, Section[s] 1341 and/or 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1951(a), as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

GUSTAV W. EYLER
DIRECTOR
U. S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

_____
PHILIP M. TOOMAJIAN
SPEARE I. HODGES
TRIAL ATTORNEYS
U.S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| CARLA MAGALY ALCEDO MENDOZA, a/k/a "Magaly Acedo," | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| _____Defendant._____ / | Superseding Case Information: |

**Court Division:** (Select One)
- ☑ Miami  ☐ Key West  ☐ FTL
- ☐ WPB  ☐ FTP

New defendant(s)  ☐ Yes  ☐ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**
4. This case will take **14** days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days     ☐
   - II   6 to 10 days    ☐
   - III  11 to 20 days   ☑
   - IV   21 to 60 days   ☐
   - V    61 days and over ☐

   (Check only one)
   - Petty       ☐
   - Minor       ☐
   - Misdemeanor ☐
   - Felony      ☑

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: **SEE ATTACHED**
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
PHILIP TOOMAJIAN
DOJ Trial Attorney
Court ID No.   A5501275

\*Penalty Sheet(s) attached     REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CERTIFICATE OF TRIAL ATTORNEY
ATTACHMENT

UNITED STATES OF AMERICA

v.

CARLA MAGALY ALCEDO MENDOZA,
a/k/a "Magaly Alcedo,"

        Defendant.
_____/

6.    Related Miscellaneous Numbers:

      17-mj-02654-Garber
      17-mj-02973-Garber
      17-mj-03618-Garber
      18-mj-03182-Louis
      18-mj-03400-McAliley
      19-mj-02320-Louis
      19-mj-02317-Louis
      20-mj-04054-Reid

PHILIP TOOMAJIAN
DOJ TRIAL ATTORNEY
COURT ID NO. A5501275

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   CARLA MAGALY ALCEDO MENDOZA, a/k/a "Magaly Alcedo"

**Case No:** _____

Count #:   1

   Conspiracy to Commit Mail and Wire Fraud

   Title 18, United States Code, Section 1349

**\*Max Penalty:**   Twenty (20) years' imprisonment

Counts #:   2 - 6

   Mail Fraud

   Title 18, United States Code, Section 1341

**\*Max Penalty:**   Twenty (20) years' imprisonment as to each count

Counts #:   7 - 12

   Wire Fraud

   Title 18, United States Code, Section 1343

*Max Penalty:   Twenty (20) years' imprisonment as to each count

Counts #:   13 - 18

   Extortion and Attempted Extortion

   Title 18, United States Code, Section 1951(a)

*Max Penalty:   Twenty (20) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**